```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CARLOS ZIEGENHIRT MENDEZ,               :           12/13/2011
                                        :
                Plaintiff,              :   11 Civ. 7548 (DLC)
        -v-                             :
                                        :      MEMORANDUM
SKYMAX DOMINICA, S.A.,                  :   OPINION AND ORDER
                                        :
                Defendant.              :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

In an Order dated December 2, 2011, the plaintiff's November 14 motion for a stay of arbitration was denied. On December 9, plaintiff filed a motion for a stay pending appeal.

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 129 S.Ct. 1749, 1760 (2009) (citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 1761. The four factors to be considered by a court in deciding whether to issue a stay pending appeal are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in

>     the proceeding; and (4) where the public interest
>     lies.

Id. (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007). "The first two factors . . . are the most critical." Nken, 129 S.Ct. at 1761. "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002) (citation omitted). A stay is proper, for example, where the plaintiff can "demonstrate [] some possibility of success and the balance of hardships tips decidedly in his favor." Thapa v. Gonzales, 460 F.3d 323, 335 (2d Cir. 2004). In the context of a request to stay an arbitration pending an appeal, "[t]he monetary cost of arbitration . . . does not impose such legally recognized irreparable harm." Emery Air Freight Corp. v. Local Union 295, 786 F.2d 93 (2d Cir. 1986).

As stated on the record at the December 2 conference, the plaintiff has not made a strong showing that he is likely to succeed in avoiding arbitration. Nor has he shown irreparable harm absent a stay. The plaintiff only states that "he will be forced to arbitrate a dispute that is not arbitrable." The remaining two factors also weigh against a stay. It is in the defendant's interest to proceed to arbitration without further

2

delay, and there is a strong public interest favoring arbitration. Accordingly, it is hereby

ORDERED that the plaintiff's December 9 motion to stay the arbitration pending appeal is denied.

SO ORDERED:

Dated:  New York, New York
        December 13, 2011

                                    _____
                                         DENISE COTE
                                    United States District Judge